UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYON JONES, G35669,

Plaintiff,

v.

KELLY SANTORO, Warden,

Defendant(s).

Case No. 25-cv-09809-CRB  (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a prisoner at Salinas Valley State Prison (SVSP) and frequent litigant in federal court, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that plaintiff was denied due process in connection with a rules violation report (RVR) of possession of a controlled substance for which on April 30, 2025, plaintiff was found guilty and assessed 121 days of good time credits. Plaintiff also alleges that after filing an inmate appeal on May 16, 2025, inmates started making "death threats of force and violence" to plaintiff and telling plaintiff to "stop snitching because rats die by rat poison," and that prison officials have not taken any measures to protect plaintiff from harm or injury. Plaintiff only names the warden as a defendant without linking the warden in any way to plaintiff's allegations of wrongdoing. Plaintiff seeks damages and injunctive relief.

**DISCUSSION**

A.      Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901

United States District Court
Northern District of California

F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Plaintiff raises claims of denial of due process in connection with a disciplinary finding of possession of a controlled substance and of deliberate indifference to threats of force and violence by other inmates.  Plaintiff's allegations of denial of due process will be dismissed without leave to amend but plaintiff's allegations of deliberate indifference to safety will be dismissed with leave to amend.

1.    Due Process

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'"  Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983."  Id.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement.  Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)).  "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'"  Skinner, 562 U.S. at 533-34 (quoting Wilkinson, 544 U.S. at 82).  In fact, an action under § 1983 is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'"  Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)).  A claim that meets the statutory criteria of § 1983 may be asserted unless it is within the core of habeas corpus because "its success would release the claimant from confinement or shorten its

duration." Thornton v. Brown, 757 F.3d 834, 841 (9th Cir. 2014) (citing Preiser, 411 U.S. at 500).

Here, plaintiff's challenge to the 2025 RVR guilty finding of possession of a controlled substance that resulted in the assessment of 121 days loss of good time credits must be brought in habeas because reversal of the RVR guilty finding and reinstatement of the 121 days of good time credits would necessarily spell speedier release from state custody. See Skinner, 561 U.S. at 525 (challenge to disciplinary finding that resulted in assessment of time credits must be brought in habeas if reinstatement of time credits would necessarily spell speedier release); see also Thornton, 757 F.3d at 841 (claim may not be brought under § 1983 if its success would shorten claimant's confinement). Plaintiff's challenge to the 2025 RVR guilty finding also is barred under the rationale of Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck v. Humphrey, the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-487. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

Heck bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implies the unlawfulness of the duration of the plaintiff's sentence. See Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996). Heck also bars a claim for denial of proper Wolff v. McDonnell, 418 U.S. 539 (1974), procedures in connection with a disciplinary hearing that resulted in the deprivation of time credits if, as is the case here, "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." Edwards v. Balisok, 520 U.S. 641, 645 (1997). Plaintiff's due process claim accordingly is dismissed without leave to amend.[1]

---

[1] But the dismissal is without prejudice to plaintiff filing a habeas petition under 28 U.S.C. § 2254 after exhausting state judicial remedies or to filing a civil rights complaint for damages

United States District Court
Northern District of California

2.    Deliberate Indifference

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Cortez v. Skol, 776 F. 3d 1046, 1050 (9th Cir. 2015). But the failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison only violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

Plaintiff's broad allegations of failure to protect will be dismissed with leave to amend to set forth specific facts sufficient to state a viable Eighth Amendment deliberate indifference to safety claim, if possible. Plaintiff must allege specific facts showing how every named prison official knew of an excessive risk to plaintiff's safety and disregarded that risk by failing to take reasonable steps to abate it. Id. Plaintiff also must link every named prison official with plaintiff's allegations of wrongdoing so as to show how each named prison official actually and proximately caused the deprivation of plaintiff's Eighth Amendment rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

A prison official can only be liable under § 1983 for his or her own misconduct. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Under no circumstances can there be liability under § 1983 solely because a prison official is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated

---

under § 1983 after invalidating the 2025 RVR guilty finding of possession of a controlled substance that resulted in the loss of 121 days of good time credits.

4

above, within 28 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

Dated: February 3, 2026

_____

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

5